UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FIDLAR TECHNOLOGIES,          ) | |
|                               ) | |
|     Plaintiff,                ) | |
| v.                            ) | |
|                               ) | Case No. 4:13-cv-4021-SLD-JEH |
| LPS REAL ESTATE DATA SOLUTIONS,) | |
| INC.,                         ) | |
|                               ) | |
|     Defendant.                ) | |
|                               ) | |
| LPS REAL ESTATE DATA SOLUTIONS,) | |
| INC.,                         ) | |
|                               ) | |
|     Counter-Claimant,         ) | |
|                               ) | |
| v.                            ) | |
|                               ) | |
| FIDLAR TECHNOLOGIES,          ) | |
|                               ) | |
|     Counter-Defendant.        ) | |
|                               ) | |
|                               ) | |

ORDER

Before the Court is the parties' Joint Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b), ECF No. 101. For the following reasons, the motion is DENIED.

The Court granted summary judgment against Fidlar on all three of its claims on March 5, 2015, ECF Nos. 88, 89, but expressly declined to enter final judgment in the matter because other claims remained in the case.[1] It entered a text order on March 9, 2015, clarifying that just two unresolved claims remained in the case:  Count IV of LPS's Amended Counterclaim, ECF No. 19, seeking a declaratory judgment that Fidlar's Tapestry and Laredo software fails to

---

[1] *See* Fed. R. Civ. P. 56(b).

comply with Illinois law; and Count V of LPS's Amended Counterclaim, seeking a declaratory judgment that Tapestry fails to comply with Wisconsin law.  The parties subsequently stipulated to the dismissal of these two claims without prejudice, ECF No. 90, pursuant to Rule 41(a)(1)(A)(ii).  Final judgment was then entered as to the claims that had not been dismissed—Fidlar's three claims.  ECF No. 91.

On April 17, 2015, Fidlar filed a Notice of Appeal, ECF No. 98.  On April 20, 2015, the Seventh Circuit issued an order raising concerns about the "finality and hence appealability" of this Court's judgment.  Apr. 20, 2015 Seventh Cir. Order 1, ECF No. 101-7.  The Seventh Circuit noted that, where a party has dismissed some claims without prejudice and hence is thus to re-file them, the matter is ordinarily not appealable.  *Id.*  On April 21, 2015, the parties jointly filed their Motion for Entry of Judgment under Rule 54(b) with this Court.

The parties' motion describes the procedural situation outlined above and "respectfully request[s] that this Court, pursuant to Federal Rule of Civil Procedure 54(b), make an express determination that there is no just reason for delay of Fidlar's appeal of this Court's grant of summary judgment against Fidlar and enter final judgment against Fidlar on its claims . . ." Mot. Entry J. 3.  The parties further explain that they are in agreement that "there is no just reason for delay on an entry of final judgment as to Fidlar's claims under its Amended Complaint," *id.*, and that LPS promises not to reinstate its voluntarily dismissed counterclaims against Fildar unless the Seventh Circuit reverses this Court's grant of summary judgment to LPS.

The parties ask this Court to take an action that it has already taken, and one that in any case it no longer has jurisdiction to take.  The Court has entered judgment as to all counts of Fidlar's Amended Complaint, ECF No. 31-1.  Judgment, ECF No. 91.  The parties redundantly request a judgment be entered as to these claims and a determination made that there is "no just

2

reason for delay of Fidlar's appeal. . . ."  Mot. Entry J. 3.  However, Rule 54(b) simply permits the court to enter judgment as to some but not all claims in a case if there is no just reason for delay.  After LPS stipulated to the dismissal of its counterclaims, the Court entered judgment on Fidlar's adjudicated claims.  The Court is not empowered by the Rule the parties cite to do more.

Furthermore,

> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  A notice of appeal has been filed in this case, and the Court of Appeals has begun consideration of the case, as indicated by its order requiring that LPS "*shall* file, on or before May 26, a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction."  Apr. 20, 2015 Seventh Circuit Order 2 (emphasis added).  For this Court to reinterpret or re-enunciate the judgment previously rendered would inflict the harm that wholly separate appellate jurisdiction protects against—namely, that "a district court and a court of appeals would be simultaneously analyzing the same judgment." *Griggs*, 459 U.S. at 59.  It does not matter that at this point, the Seventh Circuit appears to be determining the threshold question of its jurisdiction over the appeal, because "federal courts have jurisdiction to determine whether they have subject matter jurisdiction." *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992).  The Court of Appeal is currently exercising that jurisdiction; this Court will not do so at the same time.

The Court notes that the Seventh Circuit's order invites the parties to cure the jurisdictional defect at the appellate level.  Apr. 20, 2015 Seventh Circuit Order 2 ("[W]here dismissed but reviewable claims remain, the appellate court will permit the party controlling

3

those claims to unequivocally dismiss them with prejudice and thereby eliminate the jurisdictional defect."). The Court further notes that an agreement like the one the parties propose in their joint motion—promising that LPS will seek to renew its counterclaims only if Fidlar wins on appeal—has been expressly rejected by the Seventh Circuit. *See India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 657 (7th Cir. 2010) ("The parties further agreed that if the district court's decision were reversed and the case remanded, [Defendant] would have sixty days in which to refile the counterclaims [which had been dismissed without prejudice]. IBI's acquiescence to the potential resurrection of these claims perhaps kept the peace but destroyed finality.").

Accordingly, the parties' Joint Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b), ECF No. 101, is DENIED.

Entered this 23rd day of April, 2015.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
